# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01868-COA

**CHARLES IRVIN BRUTON, JR.**                                     **APPELLANT**

**v.**

**ALLISON HIPWELL BRUTON**                                       **APPELLEE**


DATE OF JUDGMENT:     10/03/2013
TRIAL JUDGE:       HON. M. RONALD DOLEAC
COURT FROM WHICH APPEALED: LAMAR COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:  DAVID NEIL MCCARTY
ATTORNEYS FOR APPELLEE:  AMANDA JANE PROCTOR
            W. BENTON GREGG
NATURE OF THE CASE:    CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:  DENIED MOTION FOR OUT-OF-TIME
            APPEAL
DISPOSITION:       AFFIRMED: 04/28/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. This appeal considers the effect of an untimely notice of appeal.

¶2. Allison Hipwell Bruton and Charles Irvin Bruton Jr. ("Chuck") were married on August 3, 2002. Allison filed a complaint for divorce on April 24, 2012, and she was granted a divorce by a judgment entered on May 9, 2013.

¶3. By order dated May 22, 2013, Chuck was granted an extension, through May 31, 2013, to file a post-trial motion. On May 31, 2013, Chuck filed his motion for a new trial, amendment of the judgment, and/or clarification of the judgment. By order dated July 22,

2013, the chancellor granted a clarification, as to the payment of school tuition, and denied the remainder of Chuck's motion.

¶4. On August 22, 2013, Chuck filed a motion for a stay of the judgment of divorce pending appeal.

¶5. On August 30, 2013, Chuck filed a notice of appeal. The Clerk of the Mississippi Supreme Court docketed the case as 2013-CA-01488.

¶6. On September 4, 2013, in the chancery court, Chuck filed a motion for additional time to file a notice of appeal nunc pro tunc.

¶7. The chancellor considered the outstanding motions. By order dated September 4, 2013, and filed September 5, 2013, the chancellor denied Chuck's motion for a stay of the judgment of divorce pending appeal. Then, by order dated October 3, 2013, the chancellor denied Chuck's motion for additional time to file a notice of appeal nunc pro tunc.

¶8. On November 1, 2013, Chuck filed a second notice of appeal. The notice stated that the appeal was from the chancellor's "order entered on October 3rd, 2013." The Clerk of the Mississippi Supreme Court docketed the case as 2013-CA-01868. The notice was filed by different counsel.

¶9. On February 6, 2014, the Mississippi Supreme Court entered an order that dismissed the appeal in case number 2013-CA-01488. The court determined the appeal was untimely.

¶10. By the clerk's notice dated September 15, 2014, the supreme court deflected this case (no. 2013-CA-01868) to the Court of Appeals. As a result, we have before us the appeal of the chancellor's October 3, 2013 order that denied Chuck's motion for additional time to file

a notice of appeal nunc pro tunc.

## STANDARD OF REVIEW

¶11.   This Court employs a limited standard of review on appeals from chancery court. *Corp. Mgmt., Inc. v. Greene Cnty.*, 23 So. 3d 454, 459 (¶11) (Miss. 2009).  As such, this Court "will not disturb the factual findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous[,] or applied an erroneous legal standard." *Id*.  Questions of law are reviewed de novo. *Id.*

## ANALYSIS

¶12.   There is no doubt that Chuck's notice of appeal was filed late.  The Mississippi Rules of Appellate Procedure "govern procedure in appeals." M.R.A.P. 1.  "[T]he notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."  M.R.A.P. 4(a).  Here, the first notice of appeal in this case was filed after the thirty-day deadline.  Allison filed a motion to dismiss with the supreme court.  Chuck responded to the motion and made many of the arguments he makes before this Court.  The supreme court dismissed the appeal as untimely.

¶13.   In this second appeal, Chuck's appellate counsel makes an attempt to get an extension of time.  We note that counsel advised the supreme court of the related case that was then pending, but there was no effort to consolidate the appeals by counsel or the supreme court. The speedy and efficient resolution of this controversy would have been through the consolidation of these cases.  Here, we only consider whether there was reversible error in

3

the chancellor's decision to deny the motion for additional time to file a notice of appeal nunc pro tunc filed by Chuck on September 4, 2013.

¶14. By order dated October 3, 2013, the chancellor denied Chuck's motion for additional time to file a notice of appeal nunc pro tunc. Specifically, the chancellor ordered:

1. The time period for filing a motion under [Mississippi Rule of Appellate Procedure] 4(g) has expired;

2. Defendant offered no excusable neglect;

3. That the Motion was filed after Defendant had filed his Notice of Appeal, thus, this Court is without jurisdiction to proceed on this specific request[;]

4. That the Defendant's Motion for Additional Time to File Notice of Appeal Nunc Pro Tunc is denied.

¶15. In his brief, Chuck makes two arguments. First, he claims the chancellor was in error to decide that there was no jurisdiction. Second, he claims that the chancellor was in error to find no excusable neglect.

¶16. Mississippi Rule of Appellate Procedure 4(g) gives a trial court the authority to extend the thirty-day period to file a notice of appeal. Rule 4(g) reads:

Extensions. The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

The Comment provides further guidance:

4

> If the motion is not filed until the extension period has begun to run, the burden rests on the appellant to show the failure to file a timely notice was a result of "excusable neglect." Mere failure to learn of entry of the judgment is generally not a ground for showing excusable neglect. . . . Filing a notice is a simple act, and a party must do all it could reasonably be expected to do to perfect the appeal in a timely fashion. . . . Excusable neglect will not be shown by counsel's busy trial schedule.

(Internal citations omitted).

¶17. Here, Chuck filed his motion for an extension within "30 days after the expiration of the time otherwise prescribed by this rule." M.R.A.P. 4(g). Thus, the chancellor had the authority to grant an extension. *Id.* However, since the motion was filed "after expiration of the prescribed time," the chancellor's discretion to grant the extension was "only upon a showing of excusable neglect."

¶18. To support the motion for additional time to file a notice of appeal nunc pro tunc, Chuck stated:

> Counsel for [Chuck] was in trial all week on other matters including a two day hotly contested custody trial on Thursday and Friday of the week of the motion hearing. Counsel for [Allison] filed a response on Friday advising that the matter of a stay and request for supersedeas bond was moot since the appeal was not perfected on Monday. Counsel for [Chuck] did not interpret the rules to require the filing of the notice of appeal before the trial court decided the stay motion. Out of an abundance of caution, Defendant Chuck Bruton filed his notice of appeal on Friday, August 30th, 2013[,] and posted all fees and costs.

> If in fact counsel for [Chuck] is incorrect in his interpretation of the rule he would request pursuant to Rule 4(g) of the Rules of Appellate Procedure that the Court extend the time for filing his notice of appeal to Friday August 30th nunc pro tunc in light of the pending ruling on the request for a stay and supersedeas bond.

At the hearing on the motion, Chuck's counsel made the same argument. The chancellor

determined that excusable neglect was not shown and denied the motion.

¶19. Chuck emphasizes that the Comment to Rule 4(g) states: "Rule 4(g) is based on Fed. R. App. P. 4(a)(5)." Chuck then offers an unpublished per curiam opinion from the Fifth Circuit. In *United States ex rel. King v. University of Texas Health Science Center-Houston*, 544 Fed. App'x 490, 493-95 (5th Cir. 2013), a party "filed her notice of appeal, along with a motion for extension of time pursuant to Federal Rule of Procedure 4(a)(5) . . . thirty-five days" after entry of the judgment. The claim was brought under the False Claims Act, and the party's attorney believed that the United States was a party in interest, which would allow sixty days to file an appeal. *Id.* at 493. However, the United States Supreme Court had decided that the rule was still only thirty days if the government had not formally intervened. *Id.* To establish excusable neglect, the party noted that "[h]er attorneys had busy trial dockets . . . ." *Id.* The Fifth Circuit concluded that the Supreme Court "did not create rigid rules forbidding extensions of time based on ignorance of the rules or an attorney's workload." *Id.* at 494. The court also noted that "[t]he delay here was only five days and did not prejudice" the appellee. *Id.* However, the Fifth Circuit concluded: "Given the leeway granted to district courts when evaluating excusable neglect, we hold that the district court did not abuse its discretion in granting [the appellant's] motion for an extension of time to file her notice of appeal." *Id.* (internal citation and quotation marks omitted).

¶20. While we recognize the Fifth Circuit's recent decision, we must decide this case based on existing precedent from the Mississippi Supreme Court. In *In re Estate of Ware*, 573 So. 2d 773, 774 (Miss. 1990), the supreme court held that the Mississippi Rules of Appellate

6

Procedure require the notice of appeal to be filed within thirty days of the judgment appealed from. The court also held that this rule is "mandatory and jurisdictional, and this court has no authority to extend the time for filing an appeal." *Id.* (quotation marks omitted). Since then, the supreme court has not wavered from this principle. In fact, the language used in *Estate of Ware* was incorporated in the Comment to Mississippi Rule of Appellate Procedure 4. And the Comment specifically states that "[e]xcusable neglect will not be shown by counsel's busy trial schedule." Therefore, we find that the chancellor was within his discretion to deny Chuck's motion to extend the period for appeal under Rule 4(g).

¶21. Chuck also asked this Court to consider the chancellor's determination that the chancery court lacked jurisdiction due to the first notice of appeal. We decline to address this issue. The chancellor's order and his oral ruling from the bench indicated that he first considered this motion under Rule 4(g) and then considered the jurisdictional issue. While this may seem backwards, we review the chancellor's order. We have no reason to believe that the chancellor would change the outcome of his decision if we found he was in error in his jurisdiction finding. In fact, the matter would be sent back for the chancellor to consider the extension under Rule 4(g), which he has already done. Therefore, because we find that the chancellor considered the motion under Rule 4(g) and this decision was not an abuse of discretion, we find that Chuck's jurisdictional argument is moot.

¶22. **THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**

7